Dear Mr. Fusilier:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You have requested an opinion of this office on behalf of Representative Michael Jackson regarding the powers of a school board to sell the naming rights of its facilities. The specific inquires were as follows:
 1. Does a school system have the authority to sell the naming rights of its facilities owned by the school or school system?
 2. Is enabling legislation required to facilitate the use of this method of fundraising?
Currently, there are no laws specifically authorizing or prohibiting the sale of naming rights by a school board. For reasons explained below, it is the opinion of this office that current law allows a school system to sell the naming rights of facilities owned by the school system for the purpose of raising funds; however, any such authority would belong to the city, parish or local school boards and not the individual schools. In response to your second question, we note that unlike other methods of fundraising and donations, the sale of naming rights can be reasonably viewed as a sale of public property, and that current law provides no guidelines or procedural safeguards governing this unique method of fundraising. Therefore, it is the opinion of this office that it may be prudent to pass legislation addressing the sale of naming rights.
Each city or parish school board is authorized to promulgate such rules and regulations for its own governance, not inconsistent with law. La. R.S. 17:81(C). Included in a school board's autonomy in the governance of its schools is the authority to sell or dispose of school property, subject to applicable law. La. R.S. 17:87.6 provides that a school board may sell, lease, or otherwise dispose of, at public or private sale, any school site, building, facility, or personal property which is not in use and in the judgment of the school board is not needed in the operation of any school within its jurisdiction. In addition, La. R.S. 49:125 authorizes political subdivisions, among others, to sell surplus property at a public auction. A school board is a political subdivision. See La. Const. art. VI, § 44(2). Although school boards are given the authority to sell property under these statutes, this authority relates to tangible property and does not appear to extend to intangible property such as naming rights.
Your opinion request specifically addresses the sale of naming rights. Prior opinions of this office have treated the sale of naming rights as a conditional donation. Our office has opined that that La. Const. art.VII, § 14, which prohibits the state and its political subdivisions from donating public funds or assets, does not prohibit the state and its political subdivisions from receiving a donation; furthermore, the donation may be conditional as long as the condition is not contrary to law.[1] See La. Atty. Gen. Op. No. 03-0320. For example, a private corporation may donate funds for the purchase of a new fire truck and in recognition of the donation, the fire department may place a plaque on the truck indicating the truck was donated by the corporation.Id. Also see La. Atty. Gen. Op. No. 04-0063 and 03-0201, which have treated the sale of naming rights as a form of conditional donation.
In Opinion No. 04-0063, we opined that the West Calcasieu Parish Community Center Authority may accept donations from private sources and as a condition of the donation or in acknowledgement or recognition of the donation confer naming rights to the Community Center or parts thereof for a limited time subject to the limitations set forth in R.S.14:316.[2] The authority of the West Calcasieu Parish Community Center Authority under La. R.S. 33:4576(C) to accept donations was interpreted as including the authority to sell naming rights.
The reasoning in the above-referenced opinions is equally applicable to school boards.[3] Since school boards are specifically authorized to accept donations under La. R.S. 17:381, the law can reasonably be interpreted to allow a school board to sell naming rights, by acknowledging a donation through the naming of a facility, subject to the limitations set forth in La. R.S. 14:316 and any other applicable law.
In response to your second inquiry, we note that the sale of naming rights is not only a form of fundraising and a conditional donation, but also a form of sale of public property that appears to be allowed by law, but currently is not governed by any law. It is therefore the opinion of this office that the enactment of legislation relating to this form of fundraising would be prudent. Legislation in this area would provide guidance where there are currently no guidelines. For instance, there are currently no procedural safeguards to ensure that school boards optimize the benefits from the sale of naming rights, such as public notification of the intent to sell naming rights, requests for proposals, and an objective evaluation process. It is unclear under the present law whether a school board would even be required to follow a specific process in selling naming rights. Legislation clarifying the procedural requirements and the legal parameters may help establish a fair and orderly process and ensure that school boards receive fair compensation for the sale of naming rights.
We hope this sufficiently answers your inquiry; if we can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ______________________________ Uma M. Subramanian Assistant Attorney General CCF, Jr.:UMS
[1] Under La. C.C. Art. 1527, the donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals.
[2] La. R.S. 14:316 prohibits the naming of public buildings and parks in honor of any living person.
[3] School boards, like fire departments, are political subdivisions. See La. Const. art. VI, § 44(2).